May it please the Court, John Sampson, Assistant Attorney General for the Appellant. I'd like to try to reserve five minutes for rebuttal and for response to the cross-appeal in this case. The District Court here granted relief on Mr. Hewson's convictions, finding that the trial judge's restriction of cross-examination resulted in the presentation of false evidence  The District Court erred because it failed to give proper deference to the State Court adjudication, but also Could I, I'm sorry to interrupt you so early, but I was confused about the procedural posture here. I was looking at edpa deference, which was argued, but it didn't appear that the State Court had ever ruled on a NAPU claim. And when I went back to review the record, it appeared that Hewson never raised a NAPU claim in State Court. Am I correct? Is there a place where he raises a NAPU claim as opposed to a Confrontation Clause claim? Yes, Your Honor. He actually, in the opening brief, he did present it as a, I'm sorry, as a cross-examination. Here or in the State Court? In the State Court. In the State Court.  In the State Court. In his opening brief, he presented it primarily as a denial of cross-examination claim. So is there a ruling by the State Court that deals with the, but we're going to fight about how to pronounce it, but let's say NAPU. I pronounce it NAPU. Is there a State Court ruling that deals with NAPU? A silent one, Your Honor. And so that's a no, isn't it? It's not raised, correct? It is raised. Is this case cited anywhere in the State Court? Yes, Your Honor. I saw one citation, one sentence, but only to distinguish NAPU from his actual argument. I didn't see any argument that the prosecutor had allowed false information to be presented. And so I didn't see, I didn't see that argument and I didn't see the State Court ruling on it. He raised it specifically as NAPU. He cited NAPU in his motion for reconsideration, which the State Court of Appeals denied as, without comment. So they summarily denied it. Did that go to the Supreme Court? Yes, Your Honor. Was it raised to the Washington Supreme Court? He then raised the issue to the Washington Supreme Court and he didn't cite to NAPU, but he did allege that false testimony was presented. So he didn't specifically cite in his State Supreme Court brief that it was a NAPU violation, but he did have a significant argument that it was the presentation of false evidence resulting from the restriction on cross-examination. If there was a procedural default of some sort in the State Court, that has not been correct. Correct, Your Honor. So the difference would be presumably whether we review under AEDPA or we review de novo, but would that make any difference in your view to the outcome here? It would make no difference, Your Honor, because even if this Court were to find that there was no State Court adjudication, that the district court's application of the materiality standard was incorrect. In fact, your argument helps your opponent in some ways, I suppose, because you're saying he did exhaust it. That's why we didn't raise the issue of procedural default. Your Honor, having looked at the case, I was the one who wrote the answer to the habeas petition, and when I looked at the record, I saw in my mind that he presented enough that I cannot argue a lack of exhaustion. Well, I'm sorry. I didn't mean to interrupt your answer. And I was just going to say that he did present, in my opinion, he did present the claim to the State Court. The State Court addressed it as a denial of cross-examination claim because that was his primary thrust. And I interrupted, I think, your answer to Judge Graber's question was, whatever the standard of review, tell us why you think the district court erred. Yes, Your Honor. The district court erred for two reasons. First, it looks solely at this evidence, this false evidence of the full deal that was never presented to the jury and said this would go to show bias. The court did not look at the full cross-examination of Mr. Dallal. And what the court did, the district court, in addressing the second part of this claim, which was a claim that there was a denial of cross-examination on gang membership, said that Mr. Dallal was extensively cross-examined and enough to show bias. Can we get – here's – I'd like you to address the Nepu issue here, because normally we've seen Nepu in a context where somebody has either suborned false testimony or failed to correct, given the other side the information, to correct false testimony. This is a strange case because, as close as I can read this transcript, the Defense Counsel was having a terrific time cross-examining this person. And the trial judge may have cut off the examination too soon. But that's not the issue raised in this petition. This petition blames the prosecution for what happens, as opposed to the trial judge, because that's a Nepu violation. And so how does this – I'm having trouble fitting this case into the Nepu box, I guess is the right way to put it. Could you respond to that? Yes, Your Honor. And I think I did respond both in the district court and in my – part of my brief where I said the real issue is not a Nepu violation. It's a denial of cross-examination. Am I correct that the defense in this case had all the information about the deal? They, of course, knew what penalties the person testifying faced and what benefits he – potential benefits he'd received out of the deal. And so – and they were wailing away at him when the judge may have cut them off too soon. And so what is – I guess my question is what relevance does the judge's action have to whether we find a Nepu violation? Your Honor, I think the relevance is – and I do want to correct one factual error in my brief. I had argued on page 20 that there was no evidence showing that the prosecutor ever charged or intended to charge Mr. Dallal. In the state criminal court appeal, there was no evidence because that was not part of the record before the Washington Court of Appeals. There was an information that did charge Mr. Dallal in a separate cause number which was then dismissed. Well, here's what I think – if I understand the argument correctly, it's this. Dallal said – he testified that he had not been charged with a state crime. I believe he did testify to that. And he testified that his federal sentence was reduced, I think he said, by a few years. Yes, Your Honor. And so what I understand the argument to have been is that the few years was the false testimony because he saved himself a lot of years. So the question is whether a few years versus a lot of years is false, and if so, whether it's material or prejudicial because the different effect on the jury would be negligible. So would you address at least what I think the specific argument is? Yes, Your Honor. And I would agree that the few years really what he was referring to, Mr. Dallal was referring to, was three years off the federal sentence. And this is at Excerpts Record 231. So when he said a few years, he got a couple years, three years off of his federal sentence. But then he also truthfully admitted that he avoided a charge of burglary with a gun, and he was asked would the gun – the gun would brief five years. And he said yes. And then he was asked, and that's on top of the burglary charge. And he said yes. So he – if you read his whole testimony in context, he wasn't saying I only got three years off or only got two years off. He was saying I got a deal, and then he testified I was not charged – I was not charged in the state, and what he meant was I was not prosecuted by the state. So his statement – I'm sorry, Judge, you're good. So the jury knew that he was not charged with the state offenses, and they also knew what deal he got with the federal government for those offenses. What they didn't know was how long the state charges that he was potentially facing was, because that's where the court cut him off. Is that correct? That is correct, Your Honor. So they didn't know, as Petitioner alleges, that he saved 24 years off by the gun enhancements. And I would point out that Mr. Hewson actually only got 16 years for gun enhancements, not 24 years. He had the potential for 24 years, but he only got 16 years. Can we go back to the state charge? Because you now, I think, candidly say he was charged. He just wasn't. He was never brought to – Never. I don't know if he was arraigned on it. Okay. But there is a false statement there, is there not? There's – I was never charged in the state. And the truth is – Technically, yes. Well, he was actually charged. He was actually charged. I mean, it's not just technically. He was actually charged. I mean, my notes say the prosecutor said – or I guess that was the defense counsel – if you would have been charged in a state court for this burglary, you were looking at five for having a gun. And he just says yes. Yes. It may or may not be material, but I'm just asking. He did testify he wasn't charged, and, in fact, he was. Yes. And part of it is semantics. When people talk about I haven't been charged, they mean I haven't been brought to trial. And so technically, yes. Semantics aside, the state, the prosecutors are not – the prosecutors knew he was charged. The prosecutors knew he was charged. And never corrected that misstatement, correct? That misstatement was not. So tell me why that misstatement doesn't give rise to a NAPU violation. Because the jury was told through his testimony that he wasn't charged because of his deals that he would not be prosecuted by the state. So, in effect, what the jury was told was, you know, he should have been charged, but he made a deal not to get it. And the truth was he was charged and made a deal not to be prosecuted further. Yes, Your Honor. Okay. And the jury didn't know the exact amount of time, but the jury did know that he did not face – he did not have to go to trial on state charges. He was not convicted on state charges. He was not sentenced on state charges. By the way, I'm not sure it makes any difference because I don't think the judge's ruling is in front of us. Do you agree? I agree with that. We don't deal with the wisdom. I'm not sure what the judge was thinking about when he said, I don't want you to ask him how much time he faced in state court, because then the jury might find out how much time this guy faces. But that's a separate issue. Do you agree that his holding is not in front of us? The state trial judge's holding? I agree. The ruling on cutting off cross-examination. Right. Yes, Your Honor. That was ruled on in the state court. It's subject to ad pedeference. And I don't read the petition as raising that issue. Yes, Your Honor. I agree with that. I would quickly point out that the materiality, Mr. Dallal was extensively cross-examined to show bias, both his animosity towards Mr. Hewson, his close relationship with Mr. Oaks, his drug dealing, his money laundering, the fact that he did have a deal, the fact that he did not have state charges. They're also the district court error because it didn't look at the entire trial in determining materiality. Mr. Dallal was just one of four witnesses who positively identified Mr. Hewson as the robber, including the victim who was 90 to 97% sure that he was the one. He did not wear a mask when he pointed the gun at her. She positively identified him. Two other co-defendants positively identified him. So even if there was false evidence, it was not material because there's not a reasonable likelihood it would have affected the outcome of the trial. And unless the court has questions, I would like to save the remainder of the time for rebuttal. You may do that. Thank you. And we'll hear from Mr. Feiner. Good morning. May it please the Court and counsel. Let's deal with the whether they were charged or not and what that actually means. It's in the record in a number of places, but the reason it's important is the last reasoned decision by the State court on the NAPU issue was Judge Brown. And he said, this is at the record at ECR 54, apparently there was no charge. And we assume for discussion without support and evidence in our record that there was no charge. And then he says, because Mr. DiLeo and Mr. Oakes were never charged, it is entirely speculative. And he goes on from there. Well, suppose we were to review DeNovo, which is the best you could possibly get if we owe no deference to the State court's determination, why would you win in this case where the jury obviously understood that this witness had not been prosecuted by the State, regardless of whether he had been charged, he was not prosecuted, and he answered all of the questions. I got this many years off my Federal sentence and it's all because I cooperated and I got this many, I didn't face a sentence for a gun enhancement and so on and so forth. What marginal utility would there have been in the additional comments that you wish had been allowed in? Perfect question. Let me address it. And it's not short. It's a bit of a lengthy answer, but let me take it in pieces. First of all, I would have crossed him further. Now, I know the Court cut me off, Van Arsdale, and that's been ruled against me and there's deference to the Van Arsdale's ruling. But had it been corrected by Mr. Cipolla, as I think the obligation fell to him, to make that correction when he heard that false testimony. And the correction would be, well, actually, I was charged, but I've never been prosecuted. That would have been the correction. No, actually, the correction would have been he was charged and threatened with three counts of weapons enhancements on each of the two substantive defenses. Because I practiced in Spokane for 32 years, I know how the holdbacks work on cooperating witnesses. Mr. DiLeo was charged, and then if he doesn't come forward, they pile on and add on the weapons charges. It's how it's done. Assume in the light most favorable to you for a moment that he was facing a ton of time in State court had he not made it in. That's my good legal term. Here's how. But he said the jury was told he got a nice deal. Here's what he got. Do your problem is they weren't told how good a deal he got? Here's what the jury thought. Let's go to the jury room for a moment. No, but I guess address my question for a second. See, what you're saying is the magnitude of the deal is what makes this constitutional error? Yes, for this reason. Because the jury was well aware that he got a deal. Yes. And it was well aware of that it saved him years in jail. How many years wasn't so clear, but how many years is the judge's fault, not yours? That's not correct, Judge. Let me explain what the jury thought when they went back to deliberation. Juror one says, well, what about this DiLeo guy? He only saved a couple of years. And another juror says, you know, reasonable jurors, then you're right. When the judge cut off Mr. Feiner, DiLeo admitted he had escaped one charge. Well, he already talked about eight years because he talked about three in federal and five in the state. So it's not just a couple years. And the only falsehood that you've pointed to is the question of whether he had actually been charged versus charged and not prosecuted in the state court. That's the only thing that was incorrect in what was said until that point. I'm so sorry. I didn't mean to interrupt. I didn't ask him what he was charged with. I said facing, because I am. No, but it was the cross-examination began by saying, well, I don't have it in front of me, but you weren't charged in state court. It was your turn. Yes. Had you been charged in state court, would you have faced a five-year enhancement or something like that? Faced. But the question about whether he had been charged or not, which came from your question, that seems to be the only thing that was literally incorrect, that had he been charged but not prosecuted. When he said, I only saved a few years, that was consistent with the view the jury had when they went back. Wasn't that the jury's view? And he said, I was given three years off the sentence. So the question was about his Federal sentence, and he said he was given three years off the sentence, which seems to be correct, right? That's not correct. He was not given three years off his Federal sentence. No. He was charged in state court, taken over to Federal. They dropped the state charges, and then he worked out the ammunition plea. He walked out. I don't think you're answering my question. That's what the judge could have said. Yes. And Judge Sidaway says it in the PRP, and the Supreme Court notes it in its final reason decision. I've got it in the record. Can you look at that colloquy and tell me what is false in that colloquy? It's at ER 230 and 231. And this is your cross-examination. It says you were looking at five for having a gun, weren't you? Yes. Five years just for the gun. Yes. On top of the burglary. Yes. So what do you suppose you saved yourself here? And then you go on. What would you have saved? I pled out to 70 to 87 months Federal. And then he says, so I didn't really save myself much, which is an opinion, I guess. You're getting out soon, aren't you? And so on and so forth about cooperation. And then he says, I saved, I was given three years off the sentence, and you got time served correct. And you didn't get charged. That's your term. State for the gun. And that's correct. Or get the five mandatory years for that true. He did not get charged with the gun. He got charged with the burglary and the robbery. Okay. So is there anything false in what I just read to you? Yes. What he saved himself. That jury retired believing that this man saved himself a couple of years. It's what he said. Three years off the Federal sentence and no charges, including burglary and the five mandatory. And then you pursued the State. See, his answer was accurate with respect to the Federal charges. I suppose. And then you pursued the State charges. And here's my difficulty with this case from your perspective. The trial judge then cut you off. And whether he should have or not isn't before us. But I'm trying to figure out what, given that the trial judge did cut you off, and therefore you would not have been allowed to get into the amount of time he saved himself. How were you prejudiced by his false answer? May I answer? Please. Because the burden fell to the prosecutor to correct the falsity that he only saved himself a few years. He had a benefit of over two decades, and I could not get it out. But not off the Federal sentence. That's my problem. Because the colloquy was actually, it was understood by the witness, and apparently by you, because you wanted to go then further into the State thing, as being only so far about the Federal sentence. So is it your view that he saved himself decades off the Federal sentence? Because when the judge ---- Yes or no. Did he save himself more than three years off the Federal sentence? No, he did not. Okay. So what is false about what he testified to? Because when he describes the whole deal, he says, I saved myself a couple of years. He doesn't say off the Federal sentence. But that was the context of the question. Right. And you understood it that way because you then said, I mean, quite ably, now let's turn to the State stuff, more or less. Well, he also says, I didn't save myself that much. Which is an opinion. That's, you know, that's not really a fact. What did the jury ---- What I'm trying to find out here, and I still don't think you've helped me, is this. Let's assume that the trial judge made a terrible mistake here. The trial judge shouldn't have cut you off. But that's not in front of us. Not directly. It is. That's a matter of prejudice. Well, it is. Because the question is, what would have been different had the State said, oh, let me, let me, let me let you know that he was charged and the potential, and the potential charges in the State were X, Y, and Z. The judge still wouldn't have let you get out. The number of years. The number of years. And so I don't see how things change. I don't think the judge would have been able to stop it had he ---- He did. He did. And he had to ---- And you're not challenging that. Had the State come forward. How does the judge stopping it relieve the State of the burden of correcting the misstatement? Actually, see, I think what happens here, the problem here is this. You were doing a heck of a job of cross-examination. And had the judge only not cut you off, you would have gotten out everything you wanted to get out. Yes. And more. And more. Because Oakes had the same deal. Oakes also. So it's the judge's fault, not the State's. I don't agree. The burden was on this prosecutor. When that statement was made about only getting a little bit of time off, and if it that way, there's no findings below that that's how it worked. What the finding below, what the last reason, decision below said was that there was no ---- That's why I asked you why it makes any difference if we reviewed it de novo. I mean, giving you the benefit of every doubt, we wouldn't even give any deference to the State court. But nonetheless, contextually, it seems to me that the most the ---- even under your theory, the most that was required to correct this, if you will, is to say, well, he was actually charged, but never prosecuted. And in addition to what you asked him about, burglary, robbery, and five years for the gun, to say, well, there might have even been more State charges. I don't see how that makes any difference. That would not be how that cross would have sounded. And it would ---- It's not a matter of cross. You're now saying the government, the State, had an obligation to correct misstatements. Yes. And the only misstatement I can see in any of this is ---- comes from your question, but it is that he wasn't charged in State court versus was not prosecuted in State court. Everything else that he said is either accurate, it seems to me, or a matter of opinion.  This Court is constrained by the last reason decision on this matter. The last reason decision on this matter was that there were no charges. That's a fact. That's Judge Brown's ruling. It's the last reason decision. He's wrong. So you still have to demonstrate that there's reversible error here. Just because the reasoning is incorrect, that isn't the end of it, is it? It is if it's the last reason decision is premised on a false fact. And this Court cannot make new rules or new findings of fact beyond what the State's already ruled on. This cuts both ways. I get the benefit of the last reason decision. Read Judge Brown's last reason decision. He got the facts wrong. And the benefit would have been in my cross, first of all, the prosecutor should have corrected it, and second of all, in my cross, I could have walked him through the six charges he would have faced, and he knew that Oaks was charged with him. I know this, and I could not get to it. And I know how the holdbacks work. The jury came into deliberation thinking, you know, that guy was just slightly exaggerating, when, in fact, I could have shown that he was misleading them to their faces. They would have been able to see. Could you tell me, when you're referring to the last reasoned opinion, you're talking about the Washington Court of Appeals? Judge Brown. I don't know who Judge Brown is. Which court is it, please? Court of Appeals. The Washington Court of Appeals? Correct. In the PRP? No. That was on Brady issues only, which is my appeal. So on direct appeal? Direct appeal, now proved. So you're saying, so if on direct appeal in State court, the State court judge made an error of fact. Yes. Then what you would get would be de novo review. If we said it was an unreasonable determination of the facts, we're relieved from Ed Pedefrance.  And you would get de novo review. That's correct. Okay. We're now in de novo. We're assuming de novo review. Okay. So that opinion, whether factually wrong is or not, makes no difference if we're assuming de novo review. In other words, you don't win simply because a judge made an unreasonable determination of fact. That's just a gateway that gets you to de novo review in Federal court. And that gateway gets me to talk about prejudice. Yes? Sure. And that's the question we've been asking. Well, we've been trying to get it. Given that you have not raised and what is not before, we assume the correctness of the trial judge's ruling cutting you off because it is not being attacked in front of us. And that's what gives me difficulty here. Given the ruling this trial judge made, had they corrected the allegedly false statements, I'm not sure how it possibly could have changed the result because you wouldn't have been able to get into years anyway. So the Court said, I don't want to hear anything about the amount of State years that he might have, that Mr. Delisle may have faced because the jury can make that easy jump to what Mr. Hewson may be facing with a weapon. So I think we have to take that ruling, is that the number of years that Mr. Delisle potentially was facing on State charges could not be presented to the jury. So if that's out, then what is left? If that judge had known that the testimony was untrue, that he had not saved but a couple of years by this deal, that ruling would have been subject to an immediate reconsideration by her. She bought it. The prosecutor was under a duty. That duty does not evaporate because the judge interposes a bizarre ruling. That duty sticks. Otherwise, you've got NAPU with no feet, no traction. He had a duty. The prosecutor knew that that was misleading testimony, that it was not true he only saved a few years. He knew that Oak saved more than that. He knew that Delisle saved more than that. Here's part of my problem, which is slightly different, which is a form of invited error, because your question was, you've got no burglary charge, no robbery charge, no five years for the gun. That was your question. If you had said, you know, no 25 years for the gun, you didn't. And so I guess I have a great deal of difficulty seeing why this should be laid at the feet of the State. Because in context, the charge had been dismissed. I was talking in the present tense, not you never were charged. Sir, you've got you're not facing. You've got no robbery charge. You've got no burglary charge. It was in the present tense. You have turned it to make it into the past tense. I didn't say it that way, and I don't think it was interpreted that way. His denial was not, oh, well, I got out of those charges. Well, you started that colloquially by saying, if you would have been charged in a State court for this burglary, you were looking at five for having a gun, weren't you? So I guess there's a lot. It's just difficult for me to see why, having opened your cross-examination that way, you can now say, ah-ha, by saying five years, the witness lied when that was your question. Yes. Yes, he did. And it wasn't like that. So he should have said, no, I wasn't looking at five years? No, he would have said, I was charged. That wasn't your question. You said, you were looking at five for having a gun, weren't you? Answer yes. Five years just for the gun? Yes. On top of the burglary? Yes. That's where he's truthful. Go back to where he was not truthful. Well, you said where he's not truthful. There's only two places you identify. Am I correct? One is he should have said, I was charged, as opposed to, I wasn't charged. Right? My deal about the ---- No, no, no. Just answer my question. That's not what he would have said. Is that a place where you think he lied? No. I think he lied when he ---- Wait. So then tell me the statement that he made that was a lie, not how you would have argued it. What statement? I pled out to 70, 87 months Federal, so I didn't save myself much in the context of the deal. I didn't save myself much. I got 70 to 80 months. Okay. So the statement that you think was a lie was, I didn't save myself much. Absolutely. Okay. Then he says, I saved three years off the sentence. What? Okay. Then he says ---- And the reason you think that was a lie, just let me ---- we're taking you over, but this is important. Yeah. The reason you think that was a lie was because what he really saved himself was a substantial amount of State time. Yes. Okay. And we were talking ---- And then you begin to ask him about the substantial amount of State time, and the judge says ---- Oh, then she cut me off. She says, I don't ---- I'm not going to let you talk about how much State time he saved. The context was what he got for his deal, not what he got from the State, not what he got from the Fed, what he got for his deal. And he kept acting like the deal was no big deal. And that's not true. And the way he answered was not true. The questions in the context had to do with his deal. I ---- he said ---- So here's my ---- I want to ask the question differently here. Because you're making a Nippoui claim. You're saying that the ---- or Nippoui claim. You're saying that the prosecutor violated his duty. Yes. I'm trying to envision this right up to the point of the judge's ruling. You're doing terrific. You're ---- you're walking him down the lane to make him say how many years he would ---- he faced in State court. I just got started. Yeah. You just got started. And I'm not sure I see any sacred duty of a prosecutor to leave up at that point and say, Your Honor, let me help him out. You know, he said a little time, but it was really a lot more. You were in the process of establishing a lot more. This is not trivializing. No, no, stop, stop. You were in the process of establishing a lot more, and then the judge cut you off. And my problem in this case is I'm having difficulty looking at this record, figuring out when the prosecutor should have leapt to his feet and said, Your Honor, I need to correct the record, because the judge wouldn't have let him. The judge said, I'm not going to listen to that stuff. And so it may be terrible error by the judge, but I'm having trouble seeing error by the prosecutor. Forgive me, but you're speculating what the judge would have done. The prosecutor had to do this. Well, I know what the judge did. No. She did not know that this man had confabulated the record. Okay. So is your prejudice in this case that the judge would not – she would not have made this ruling had she known the precise nature of the case? She made the ruling. The prosecutor is not relieved of his burden to be truthful. We don't – we don't convict people because judges don't know the errors. And that's actually part of the original Naupu case. And I'm sorry. That was a misstatement. It was part of the Alaia case. Getting the judge involved doesn't help the State. The State has a duty. The State has to respond. The State can't let a statement like that go to the jury room uncorrected. The State did. I asked them to correct it. It was not corrected. Nothing happened. Now, it's not on the record, but they had a duty. The judge's error is on the side. I agree it was an error, and I don't think I can get to it. I've reviewed it carefully. I think the Van Arsdale is just – I think we're stuck with it. Counsel, we understand your position, and you're very far over your time. Thank you. Thank you, Your Honors. To be specific about what the trial judge said, and this is at Excerpts of Record 231, the judge said, I understand that the efforts are important with regard to generally the inducement and benefits received. I am going to ask you not to be specific with regard to the number of years having anything to do with punishment that may follow a State charge. So the judge wasn't saying you can't ask him you were not charged with perjury. What charges they would have faced. Yes, Your Honor. And so presumably it would have been open to say, was there more than one gun charge that could have been brought, for example. Yes, Your Honor. And was there a conspiracy charge that could have been brought? And he would have said yes. And if he had said no, then that would be a false evidence. But then moving on to assuming that what Mr. Dallal said was false, just assuming that, there's still no materiality because Mr. Dallal was cross-examined quite extensively. The district court judge below found he was impeached and shown to be biased, and so therefore there was no violation of denial of cross-examination regarding the gang membership. Under the assumption that this issue was presented to the State court, is there a State court finding on materiality? Your Honor, there is. Again, it's a silent denial under Harrington v. Richter because it was raised in a motion for reconsideration and the court denied it without comment. So under Harrington v. Richter, that would be a silent denial and this court would have to look at it as if the court did look at it and determine it was not material. But even under a de novo review, it's still not material because in light of the entire trial, the other witnesses, three other witnesses positively identified him. There's just not the materiality that there would be a reasonable likelihood of a different outcome. We'd ask that the court reverse the district court. Thank you, counsel. The case just argued is submitted. We appreciate the helpful arguments from both of you, and we are adjourned for this morning's session.
judges: Graber, Ikuta, Hurwitz